UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COLLEEN FREEMAN,

                              Plaintiff,

v.                                                          Civil Action No. _____

PETER T. ROACH AND ASSOCIATES, P.C.,
And
LVNV FUNDING, LLC,

                              Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Nicholas R. Tur, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Peter T. Roach and Associates, P.C. (herinafter "Roach"), is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant LVNV Funding LLC (hereinfter "LVNV") is a limited liability company organized and existing under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

10. That at all relevant times herein, Roach acted as agent-in-fact for LVNV, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a credit card debt to Capital One/Providian Bank. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter defaulted on the subject debt.

14. That Capital One filed an action against the Plaintiff in Rochester City Court in or about November 4, 2004 bearing index number 04-cv-18379.

15. That in or about January 12, 2005, Capital One obtained a judgment against the Defendant in the above referenced lawsuit.

16. That in September 10, 2007, a satisfaction of judgment was filed in Rochester City Court bearing index number 04-cv-18379.

17. That in October 12, 2011, Plaintiff received a letter from Asset Management Professional LLC ("APM") on behalf of Defendant LVNV, stating that she owed $1,283.26 on a former Providian account.

18. Upon receipt of this letter, the Plaintiff contacted APM and stated that she did not recall having any outstanding debt to Providian Bank. Plaintiff was informed that she owed $1,283.26 pursuant to a judgment filed against her in 2004 in Rochester City Court bearing index number 04-cv-18379.

19. Upon receiving this information from APM, Plaintiff investigated the claim and discovered that this alleged debt was already satisfied. After learning of such, Plaintiff called APM and informed them that she had previously satisfied this debt.

20. That in February 27, 2012, Plaintiff received a notice of income execution form the Monroe County Sheriff's Office. This notice made reference to a case filed in Rochester City Court bearing Index number 04-cv-18739 and listed Defendant LVNV as the judgment creditor. The notice stated that Plaintiff had until February 28, 2012 to pay the amount pf $1,650.75 otherwise the income execution will be served on Plaintiff's employer.

21. That Plaintiff contacted the Monroe County Sheriff's Office and learned that Defendant Roach had issued the income execution on behalf of Defendant LVNV.

22. That upon information and belief, the is no assignment of judgment filed with the Rochester City Court Clerk with respect to the judgment bearing index number 04-cv-18739 that assigns that judgment to Defendant LVNV as judgment creditor.

23. That Defendant LVNV had no legal right to attempt to garnish Plaintiff's wages.

24. That Plaintiff faxed over a copy of the satisfaction of judgment filed in Rochester City Court in Rochester City Court bearing index number 04-cv-18379 to Defendant Roach.

25. That after approximately two weeks after faxing over proof that Plaintiff satisfied the alleged debt. Plaintiff contacted the Monroe County Sheriff's office to verify that the income execution had been canceled.

26. That Plaintiff was informed that Defendant Roach had still not canceled the income execution. At that point the Plaintiff faxed the satisfaction of judgment to the Monroe County Sheriff's Office. Shortly after receiving the fax, the Monroe County Sheriff's Office informed the Plaintiff that the income execution was canceled.

27. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

28. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above.

29. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), and15 U.S.C. §1692e(10) by serving an improper income execution notice on Plaintiff when: Defendant LVNV was not the proper judgment creditor, the debt was not owed by the Plaintiff, and after already being provided notice that the alleged subject debt was satisfied.

30. That LVNV is vicariously liable for the acts of Defendant Roach under the laws of agency.

31. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 7, 2012

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
khiller@kennethhiller.com