UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLLEEN FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:  1:12-cv-00553-WMS |
| | ) |
| PETER T. ROACH AND ASSOCIATES, P.C., | ) |
| | ) |
| and | ) |
| | ) |
| LVNV FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT LVNV FUNDING LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, LVNV Funding, LLC ("LVNV"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Colleen Freeman ("Plaintiff"), and states:

**I. INTRODUCTION**

1. LVNV admits Plaintiff purports to bring this action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

**II. JURISDICTION AND VENUE**

2. LVNV admits the allegations in ¶ 2 for jurisdiction purposes only.

3. LVNV admits the allegations in ¶ 3 for venue purposes only.

### III. PARTIES

4. LVNV denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

5. The allegations in ¶ 5 do not pertain to LVNV and thus an Answer is not required of it. To the extent an answer is required, LVNV denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

6. LVNV admits only that it is a limited liability company and denies it is a debt collector. Except as specifically admitted, LVNV denies the allegations in ¶ 6.

7. LVNV denies the allegations in ¶ 7.

8. LVNV denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

9. Paragraph 9 makes no allegations against LVNV to which an Answer is required.

10. LVNV denies the allegations in ¶ 10 as calling for a legal conclusion.

### IV. FACTUAL ALLEGATIONS

11. LVNV admits the allegations in ¶ 11 upon information and belief.

12. LVNV denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

13. LVNV admits the allegations in ¶ 13 upon information and belief.

14. LVNV admits the allegations in ¶ 14 upon information and belief.

15. LVNV admits the allegations in ¶ 15 upon information and belief.

16. LVNV admits the allegations in ¶ 16 upon information and belief.

17. LVNV denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

18. LVNV denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

19. LVNV denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

20. LVNV denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial and further states that the document referenced in ¶ 20 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 20 state otherwise, they are denied.

21. LVNV denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

22. The allegations in ¶ 22 do not set forth an averment to which an Answer is required. To the extent an Answer is required, LVNV denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

23. LVNV denies that it attempted to garnish plaintiff's wages as attributed to it in ¶ 23.

24. The allegations in ¶ 24 do not pertain to LVNV and thus an Answer is not required of it. To the extent an Answer is required, LVNV denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

25. LVNV denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

26. LVNV denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

27. LVNV denies the allegations in ¶ 27.

## V. CAUSE OF ACTION

28. LVNV reasserts the foregoing as if fully stated herein.

29. LVNV denies the allegations in ¶ 29.

30. LVNV denies the allegations in ¶ 30.

31. LVNV denies the allegations in ¶ 31.

AND NOW, in further Answer to the Complaint, Defendant LVNV Funding, LLC avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against LVNV upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of LVNV, or for whom LVNV is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate damages or take other reasonable steps to avoid or reduce her damages.

WHEREFORE, Defendant LVNV Funding, LLC requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Dated: September 7, 2012

Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5941
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
LVNV Funding, LLC


/s/ Michael Del Valle
Michael Del Valle, Esq.
New York Bar No.: 2753507
SESSIONS, FISHMAN, NATHAN & ISRAEL
OF NEW YORK, L.L.C.
130 John Muir Drive, Suite 106
Amherst, NY  14228
Telephone No.: (716) 625-7492
Facsimile No.: (716) 625-7497
mdelvalle@sessions-law.biz
Attorneys for Defendant,
LVNV Funding, L.L.C.

## CERTIFICATE OF SERVICE

I certify that on this 7th day of September, 2012, a copy of **Defendant LVNV Funding, LLC's Answer and Affirmative Defenses** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

>
> Seth J. Andrews, Esq.
> Kenneth R. Hiller, Esq.
> Law Offices of Kenneth Hiller, PLLC
> 6000 North Bailey Ave., Suite 1A
> Amherst, NY 14226
> (716) 564-3288
> Email: sandrews@kennethhiller.com
> khiller@kennethhiller.com
> Attorneys for Plaintiff
> Colleen Freeman

By:   /s/ Aaron R. Easley
 Aaron R. Easley, Esq.
 Attorney for Defendant
 LVNV Funding, LLC